139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ladonna REMILLARD, Plaintiff-Appellant,
v.
Kenneth S. APFEL* Commissioner of Social
Security, Defendant-Appellee.
 No. 97-35374.
D.C. No. CV-96-01035-MA.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998***.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the District of Oregon Malcolm F. Marsh, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ladonna Remillard appeals pro se the district court's judgment affirming the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her application for disability benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-33. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's judgment, and must affirm the denial of benefits if the Commissioner's decision is supported by substantial evidence and free of legal error. See Macri v. Chater, 93 F.3d 540, 543 (9th Cir.1996).
 
 
 4
 Because Remillard's insured status expired on September 30, 1989, we conclude that the administrative law judge ("ALJ") properly instructed the vocational expert to consider only the objective medical evidence from November 11, 1988, the alleged onset date of Remillard's disability, through September 30, 1989. See id.; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995). That evidence demonstrates that Remillard was not disabled within the meaning of the Act. See 42 U.S.C. 423(d); Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir.1984).
 
 
 5
 Because the ALJ instructed the vocational expert to consider a "sit and stand" limitation under SSR 83-12 to determine Remillard's residual functional capacity ("RFC"), we reject her contention that the ALJ erred by finding that Remillard could still perform light work consisting of alternate periods of sitting and standing. Cf. Gallant, 753 F.2d at 1456-57 (finding that the ALJ erred by failing to instruct a vocational expert to consider the claimant's specific impairments to determine his RFC under SSR 83-12).
 
 
 6
 We reject Remillard's contention that the ALJ failed to consider SSR 96-8p when determining Remillard's RFC because that regulation was not in effect at the time the ALJ rendered his September 1994 decision.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Kenneth S. Apfel, who was sworn in as Commissioner of the Social Security Administration on September 29, 1997, is substituted as the defendant-appellee pursuant to Fed. R.App. P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3